Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Thursday, September 28, 2006 2:43:34 PM

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DWAYNE CHARLES THORNTON, ) | Case No 05-03882 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| DWAYNE CHARLES THORNTON, ) | |
| ) | |
| Plaintiff, ) | Adv. Proc. No. 05-00218 |
| ) | |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MEMORANDUM OPINION

Dwayne Charles Thornton (the "Debtor") seeks to discharge government-guaranteed student loans owed to the U.S. Department of Education (the "Department"), on the grounds that repayment of the student loans would constitute an undue hardship on him and his dependent. For the reasons stated herein, the court finds that repayment of the student loans does not constitute an undue hardship and the loans are excepted from discharge pursuant to 11 U.S.C. § 523(a)(8).

### BACKGROUND

The Debtor filed his Chapter 7 bankruptcy on September 8, 2005, and initiated this adversary

1

proceeding on December 15, 2005. The court conducted a trial in the adversary proceeding on May 25, 2006, in Clarksburg, West Virginia. The Debtor is twenty-five years old and has a four-year old son. He resides with his grandmother and shares custody of his son with his mother. At the time of trial, the Debtor's girlfriend was two months pregnant with his second child.

The Debtor graduated from high school in 1999 and immediately began classes at Fairmont State College, where he was placed on academic probation and was unable to return. The Debtor then transferred to West Virginia Junior College in 2001, but withdrew due to a lack of transportation. Although the Debtor has not received a degree, he has been accepted to Fairmont State University and will begin classes in the Fall of 2006.

The Debtor was first employed at Food Lion Grocery Store, where he earned minimum wage, from 2000 to 2002. From 2002 to 2003, he was employed as a telemarketer for Civic Development Group earning $7.00 per hour, working approximately 24 hours per week. During 2003, the Debtor lived with his mother in New York, and he testified that he was unable to find employment. The Debtor began working in his current position as a behavioral health technician for United Summit Center in 2004. He earns $6.18 per hour and works approximately 40 hours per week. The Debtor has also works part-time earning $9.50 per hour for 24 hours of work per week. The Debtor's total gross monthly pay is $2,059.20. The Debtor's income averaged $6,500.00 per year from 2000 to 2004 and then reached a high of $22,000.00 for 2005.[1] The Debtor's average monthly expenses total $1,904.00, and he stated that he borrows money from his grandmother to meet his monthly expenses.

## DISCUSSION

In order to receive a discharge of student loan debt, a debtor must establish an undue hardship by proving each of the three prongs of the *Brunner* test by a preponderance of the evidence. *Eddy v. U.S. Department of Education and Educational Credit Management Corporation* (*In re Eddy*), No. 05-00210 (Bankr. N.D. W.Va. September 28, 2006). The *Brunner* test requires a debtor to prove: (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard

---

[1] The Debtor asserts that his earnings in 2005 were significantly higher than his current earnings as a result of an unusual amount of overtime at $9.27 per hour.

2

of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans, and (3) that the debtor has made good faith efforts to repay the loans. *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2nd Cir. 1987).

The second prong, which is at the heart of the *Brunner* test, requires a debtor to demonstrate some rare circumstances that constitute a "certainty of hopelessness" that he will be unable to repay the student loan obligations.[2] *In re Frushour*, 433 F.3d 393, 401 (4th Cir. 2005) *(citing Brightful v. Pa. Higher Educ Assistance Agency*, 267 F.3d 324, 328 (3rd Cir. 2001)). For example, this prong may be satisfied by showing, among other things, "illness, disability, a lack of useable job skills, or the existence of a large number of dependents." *Frushour*, 433 F.3d at 401 *(quoting Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 386 (6th Cir. 2005)). This prong is prospective in nature and requires a debtor to show exceptional circumstances beyond the current situation. *Id*. Although the Debtor has not received a degree, he has been accepted to Fairmont State University and intends to resume his efforts toward obtaining a degree. Furthermore, the Debtor does not assert any disability or illness to prevent his gainful employment in the future. The Debtor presents himself as a well-educated, motivated individual who has a promising future in his chosen career as a counselor. In fact, the Debtor's income increased from $6,873.00 in 2004 to $22,000.00 in 2005. This drastic increase in income demonstrates that the Debtor's earning potential is growing and will continue to do so as he furthers his education. For these reasons, the court finds that the Debtor has failed to demonstrate any exceptional circumstances that would indicate that his present situation is likely to persist for a significant portion of the repayment period.

The third prong of the *Brunner* test requires a debtor to demonstrate that he has made good faith efforts to repay the loans. At most, the Debtor made one or two payments on his student loans; the Department submitted an account summary demonstrating that no payments had been made, which the Debtor made no attempt to dispute. Since the time of the Debtor's Chapter 7 filing, he sold his

---

[2] Because the *Brunner* test is conjunctive, a failure to meet any one of the three elements will result in a denial of the complaint to discharge a student loan.

1999 Honda Accord for the payoff on the loan and then purchased a 2004 Mitsubishi Endeavor, despite that according to the Debtor's testimony, there were no mechanical issues with the 1999 Honda Accord, voluntarily assuming a monthly payment of $517.00.  Additionally, the Debtor is financing a motorcycle with a monthly payment of $179.00.  According to the Debtor's testimony, the 1999 Honda Accord cost $50.00 per month to insure.  The Debtor now pays $258.00 per month to insure the 2004 Mitsubishi Endeavor and the motorcycle.  Thus, the Debtor has unnecessarily increased his expenses with the financing of these two vehicles.  The Debtor was required to make a $1,400.00 down payment on the 2004 Mitsubishi Endeavor, which he saved from his overtime earnings.  The Debtor's student loans had a balance of $4,156.93 as of May 1, 2006; the $1,400.00 down payment made on his new vehicle would have reduced his student loan debt by approximately one-third.  The Debtor's lack of a meaningful payment history and unnecessary increase in expenses are both indicative of a lack of a good faith effort on the part of the Debtor to repay his student loans.  Furthermore, the court finds that the Debtor has failed to demonstrate any good faith efforts on his part.

## CONCLUSION

For the reasons stated herein, the court finds that the Debtor has failed to carry his burden of proof under the *Brunner* test; therefore, the student loans are excepted from discharge pursuant to 11 U.S.C. § 523(a)(8).

The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.